## Madara v. Madara

*Marjorie C. Lawrence*, for plaintiff.
*Craig Smith*, for defendant.

MIMS, *J.*, March 25, 1983—This matter is before the court on exceptions filed by defendant to the master's recommendation of permanent alimony.* Briefs were filed by both parties and argued before the court en banc on February 28, 1983. Based on the evidence, we affirm the report of the master.

The master recommended permanent alimony to plaintiff-wife in the amount of $60 per week, to be increased annually by the same percentage increase which husband receives annually in his employment, such alimony to cease upon death or remarriage of wife. The recommendation is entirely warranted and is proper under Section 501 of the Divorce Code which provides that alimony may be awarded if the party seeking the alimony

(1) lacks sufficient property . . . to provide for his or her reasonable needs; and

---

*Defendant has indicated in his brief that he does not intend to pursue challenges to the award of counsel fees and to the equitable distribution recommendation of the master.

(2) is unable to support himself or herself through appropriate employment.

The parties, Kathryn A. Madara (age 32) and Allen A. Madara (age 33), were married on January 24, 1970. One child, Kimberly, was born of the marriage on March 15, 1971.

Since 1974, plaintiff has suffered from multiple sclerosis. Based on medical reports, the master found that her illness renders her incapable of full-time employment and also will render it likely that she will be unable to participate in any employment and will have to be hospitalized. She is a high school graduate with one year of college education. She has, during the past few years, been employed part-time as a gymnastics judge, a dental assistant and a relief clerk at Fotomat. During the course of the marriage, plaintiff stayed home to care for the child. It was only during the last few years that plaintiff began part-time employment. The master found that plaintiff's probable earning capacity is between two and four thousand dollars per year, with the likely possibility that it will decrease in the future if she becomes more incapacitated or permanently disabled. Plaintiff testified that she does not have medical benefits of her own.

Defendant contends that plaintiff has failed to meet her burden of proof that she could not obtain employment or develop an employable skill.

The medical reports were offered and admitted into evidence without objection by defendant, and substantiated plaintiff's testimony about her physical diability. Plaintiff was cross-examined by defendant and was questioned by the master regarding her skills, her employment and her physical condition. Defendant did not present expert testimony on plaintiff's illness, nor did he present rebuttal evidence. The master's finding that re-

habilitative alimony is not possible, since plaintiff's physical condition precludes rehabilitation in productive employment, was supported by the evidence.

The court has the duty to make a complete and independent review of all the evidence, including the weight and credibility to be accorded to the testimony of the witnesses. Sorbello v. Sorbello, 21 D. & C. 3d 187, 200 (1981); Rollman v. Rollman, 280 Pa. Super. 344, 351, 421 A. 2d 755, 758 (1980). The reviewing court must give the master's findings regarding credibility the fullest consideration. Id.

Pursuant to Section 501 of the Divorce Code, the master discussed the factors relevant to the award of alimony, particularly the relative needs of the parties, the relative earnings and earning capacities, as well as the physical condition of Mrs. Madara. Although plaintiff was awarded title to the marital residence, subject to the existing mortgage, an automobile and one-half the furniture, she still lacks the ability to support herself through appropriate employment, since none of the property awarded to her under equitable distribution is income producing.

Defendant challenges the master's award of automatic increases in permanent alimony. Defendant bases his argument on the provision in Section 501(e) of the Divorce Code which provides than an order of alimony is subject to further order of court upon changed circumstances of either party.

Defendant is employed by Philadelphia Electric Company, and earns in excess of $28,000 a year. By providing automatic increases in permanent alimony by the same percentage which husband receives annually in his employment, the master showed foresight by removing plaintiff's burden to

expend money annually in legal fees in order to gain a cost of living increase in the modest award of alimony. The defendant may seek a modification of the order upon showing of a change in circumstances. Furthermore, defendant receives a tax benefit from the award of periodic permanent alimony.

The court finds that the award of automatic increases in permanent alimony is proper.

Defendant's final challenge to the master's report is directed to the master's provision of alimony until the death or remarriage of wife. Defendant asserts that Section 507 of the Divorce Code specifically bars alimony when a petitioner enters into cohabitation, and that he should be relieved of the requirement of paying alimony in the event that his wife enters into cohabitation. Defendant did not file an exception to this aspect of the master's recommendation. Therefore, the court will not disturb the duration of the alimony award.

## ORDER

And now, March 25, 1983, having reviewed the record before us, it is hereby ordered and decreed that the master's report is affirmed.